IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| CHARLES A. PASCAL, STEPHANIE MCFADDEN, JAMES WRAY, <br><br> Plaintiffs, <br><br> vs. <br><br> ARMSTRONG COUNTY BOARD OF COMMISSIONERS, DONALD K. MYERS, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE ARMSTRONG COUNTY BOARD OF COMMISSIONERS; JASON RENSHAW, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE ARMSTRONG COUNTY BOARD OF COMMISSIONERS; AND PAT FABIAN, IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE ARMSTRONG COUNTY BOARD OF COMMISSIONERS; <br><br> Defendants, | 2:22-CV-01726-CRE |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

## I. INTRODUCTION

This civil action was initiated by Plaintiffs Charles A. Pascal, Stephanie McFadden and James Wray, former Chief Public Defender and Assistant Public Defenders of Armstrong County, Pennsylvania against Defendants Armstrong County Board of Commissioners, and Defendants

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

Donald K. Meyers, Jason Renshaw and Pat Fabian, members of the Armstrong County Board of Commissioners (collectively "Defendants" or "County Commissioners") for Fourteenth Amendment due process violations, wrongful termination, breach of contract and Pennsylvania's Sunshine Act, 65 Pa.C.S. § 701, *et seq.* (the "Sunshine Act") violations in connection with Plaintiffs' termination from employment.  The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Presently before the Court is a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 24).  The motion is fully briefed and ripe for disposition. (ECF Nos. 25, 28, 29, 32).  For the reasons that follow, Defendants' motion to dismiss is granted in part, Plaintiffs' Fourteenth Amendment procedural due process claim is dismissed with prejudice and the Court declines to exercise supplemental jurisdiction over the remaining state law claims and those claims will be dismissed without prejudice for Plaintiffs to file in the appropriate state court forum.

## II. BACKGROUND

Plaintiff Charles Pascal was the Armstrong County Chief Public Defender from January 1, 2022 until he alleges he was wrongfully discharged on November 3, 2022.  Plaintiff Stephanie McFadden was an Armstrong County Assistant Public Defender from April 27, 2022 until she alleges she was wrongfully discharged on November 3, 2022. Plaintiff James Wray was an Armstrong County Assistant Public Defender from 1998 until he alleges he was wrongfully discharged on November 3, 2022.

On or about January 1, 2022, after a public meeting, the County Commissioners approved Plaintiff Pascal as the Public Defender of Armstrong County pursuant to a document entitled "County of Armstrong Agreement for Legal Services" (the "Chief Public Defender Agreement").

Likewise, on or about January 1, 2022 and April 27, 2022 respectively, Plaintiffs Wray and McFadden were approved for employment pursuant to a document entitled "Assistant Public Defender Agreements" (collectively the "Public Defender Employment Agreements"). During Plaintiffs' employment, Defendants provided Plaintiffs with an office, computers, government issued identifications and credentials and legal research software. Defendants did not provide Plaintiffs with insurance benefits or pension benefits which were provided to other public employees of Defendants.

The Chief Public Defender Agreement contains a provision that "[t]his Agreement may be terminable at the request of the County Commissioners, with or without cause," and the "[a]ttorney may terminate this Agreement by giving a minimum of 30 days' notice to the governing authorities of County." Am. Compl. (ECF No. 21) at ¶ 25. Similarly, the Assistant Public Defender Agreements provide "[t]his Agreement may be terminable at the request of the Public Defender with the approval of the County Commissioners, with or without cause," and that the "[a]ttorney may terminate this Agreement by giving a minimum of 30 days' notice to County, through the Chief Public Defender." *Id*. at ¶ 26.

According to Plaintiffs, the County Commissioners did not approve of Plaintiffs' termination, and instead on November 3, 2022, without notice and in secret, Plaintiffs were terminated from employment via a letter from Chief Administrator, Aaron S. Poole, without County Commissioner approval. Plaintiffs allege that Mr. Poole lacked the statutory or other authority to terminate Plaintiffs and that by doing so, Defendants violated Plaintiffs' Fourteenth Amendment rights under *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ("*Loudermill*"), breached the terms and conditions of the employment agreements, and violated the Sunshine Act. Defendants now move to dismiss Plaintiffs' complaint.

### III.     STANDARD OF REVIEW

      *a. Federal Rule of Civil Procedure 12(b)(6)*

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556). Yet the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Fed. R. Civ. P. 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is

plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The court does not consider whether a plaintiff will ultimately prevail. *Id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

As a general rule, if a court "consider[s] matters extraneous to the pleadings" on a motion for judgment on the pleadings, the motion must be converted into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents integral to or explicitly relied on in the complaint, even if they are not attached thereto, without converting the motion into one for summary judgment. *Mele v. Fed. Rsrv. Bank of New York*, 359 F.3d 251, 256 (3d Cir. 2004) n. 5 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV.   DISCUSSION**

5

      *a. Fourteenth Amendment Procedural Due Process Clause: <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532 (1985)*

Plaintiffs claim that Defendants violated their Fourteenth Amendment Procedural Due Process rights by failing to provide them with notice and a hearing prior to termination of their positions in violation of *Loudermill*. Defendants argue that Plaintiffs do not have an expectation of continued employment in their positions and therefore lack the required property interest element under the Fourteenth Amendment.

For Plaintiffs to state a procedural due process claim under 42 U.S.C. § 1983, they must allege that "(1) [they were] deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [them] did not provide 'due process of law.' " *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Plaintiffs contend they have a property right in their continued employment secured by the Fourteenth Amendment. "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)).

State law determines whether a property interest in continued employment exists. *Elmore*, 399 F.3d at 282. Under Pennsylvania law, "a public employee is generally considered an 'employee-at-will,' and therefore has no legitimate entitlement to continued employment in the absence of a contractual or statutory term providing otherwise." *Lord v. Erie Cnty.*, 476 F. App'x 962, 966 (3d Cir. 2012)(unpublished) (quoting *Elmore*, 399 F.3d at 282). In Pennsylvania, a public employee has a property interest protected by the Fourteenth Amendment where the Pennsylvania General Assembly has created a protected property interest through legislation or authorization,

*Scott v. Philadelphia Parking Auth.*, 166 A.2d 278, 280–81 (Pa. 1960)) ("In Pennsylvania, public employees gain an enforceable expectation of continued employment in their jobs through legislative action."), when a contract grants the public employee a protected status like tenure or welfare benefits, *Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1399 (3d Cir. 1991), or the public employee has entered into an employment contract which permits termination only for cause. *Id.*

Plaintiffs maintain that they have a contractually based property interest in their continued employment by virtue of the Public Defender Employment Agreements, and that they have a statutory basis for their property interest in their continued employment under the Public Defender Act, 16 P.S. §§ 9960.3-4; 5.

Under the Public Defender Employment Agreements, Plaintiffs were at-will employees and do not have a protected property interest in their continued employment under the Fourteenth Amendment.  Plaintiffs McFadden and Wray argue that their employment agreements were only terminable at the request of the Public Defender and approval of the County Commissioners, and because the Public Defender, Plaintiff Pascal, did not request their termination, Plaintiffs had an expectation of continued employment.  While this contention may give rise to other claims, it does not support a finding that Plaintiffs' employment was not at-will.  It is undisputed that the Public Defender Employment Agreements provide that Plaintiffs' employment could be terminated "with or without cause."  Under Pennsylvania law, the phrase "with or without cause" constitutes an at-will employment relationship. *Knox v. Bd. of Sch. Directors of Susquenita Sch. Dist.*, 888 A.2d 640, 647 (Pa. 2005) (citation omitted) (an at-will employee is one who may be terminated "with or without cause").  For a public employee to have a protected property interest in his continued employment pursuant to a contract, that contract must permit termination **only** for cause. See

7

*Unger*, 928 F.2d at 1399.  Because the Public Defender Employment Agreements provide termination with or without cause, the agreements confer an at-will employment relationship with Plaintiffs.  "Even though every contract may confer some legal rights under state law, that fact alone need not place all contracts within federal due process protection." *Unger*, 928 F.2d at 1398 (quoting *San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cnty.*, 825 F.2d 1404, 1408 (9th Cir. 1987)).  Because Plaintiffs were at-will employees, this "status allows a governmental entity to terminate employment at any time and without notice[]" under the Fourteenth Amendment.  *Frederick v. Barbush*, No. 1:13-CV-00661, 2014 WL 840390, at *6 (M.D. Pa. Mar. 4, 2014).  Accordingly, the Plaintiffs do not have a protected property interest in their continued employment by virtue of the Public Defender Employment Agreements.

Likewise, Plaintiffs do not have a protected property interest in their continued employment under the Public Defender Act.  Plaintiffs maintain that the Public Defender Act provides that "[i]n each county . . . there shall be a public defender," and "[t]he public defender shall be appointed by the Board of Commissioners[]" 16 P.S. §§ 9960.3-4, and this language "gives public defenders a statutory continued expectation of employment until they are replaced by another public defender[.]" (ECF No. 28 at 8).  Plaintiffs argue that because Plaintiff Pascal was terminated before a new public defender was appointed, he has a statutorily protected property interest in his continued employment.  Likewise, Plaintiffs maintain that as to Plaintiffs Wray and McFadden, the Public Defender Act provides that "[t]he public defender, with the approval of the appointive body, may provide for as many full or part time assistant public defenders . . . as he may deem necessary to enable him to carry out the duties of his office[, and] [t]he salary board shall fix the salary of the public defender and of the personnel authorized by this section." 16 P.S. § 9960.5(a).  Plaintiffs argue that because Plaintiffs Wray and McFadden were appointed under

8

this statute and received no pre-deprivation hearing, they were terminated from their "statutorily authorized positions." (ECF No. 28 at 8).

Under Pennsylvania law, for purposes of creating a property interest in a public employee's expectation of continued employment by statute, "the statutory language authorizing employment contracts must be explicit. A court may not infer the legislature's intent from a statute that is on the fringe of the issue. The statute must forthrightly confer the right to contract with employees for a time certain or to abrogate the at-will employment doctrine. If it does not, then the public entity does not have the authority to do so." *Demko v. Luzerne Cnty. Cmty. Coll.*, 113 F. Supp. 2d 722, 733 (M.D. Pa. 2000). The language contained in the Public Defender Act does not explicitly abrogate the at-will employment doctrine nor does it explicitly confer the right to contract with a public defender or assistant public defender for a time certain; it merely requires each county appoint a public defender and allows that public defender to appoint assistant public defenders to enable the public defender to carry out his duties. Without such explicit language, the Court cannot infer that the Public Defender Act intended to create a property interest in the public defender or assistant public defenders' continued employment.

Accordingly, Plaintiffs have not stated a claim for a Fourteenth Amendment procedural due process violation because they have failed to adequately allege a protected property interest and Defendants' motion to dismiss is granted.[2]

    b. *Supplemental Jurisdiction*

---

[2] Likewise, because Plaintiffs' underlying claim pursuant to the Fourteenth Amendment fails as a matter of law, Plaintiffs' request for injunctive relief under the Fourteenth Amendment is also denied. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 215 n.9 (3d Cir. 2014) (preliminary and permanent injunctions require a showing that plaintiff is likely to or succeeds on the merits of the claim).

The remainder of Plaintiff's claims are grounded in state law: Count II violation of Pennsylvania's Sunshine Act, 65 Pa.C.S. § 701 *et seq.*; Count III wrongful discharge under the Pennsylvania Sunshine Act and the Pennsylvania Public Defender Act; Count IV breach of contract pursuant to the Public Defender Employment Agreements; Count V request for injunctive relief under the Pennsylvania Sunshine Act. When all claims over which the Court has original jurisdiction have been dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction is discretionary. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). The decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed, the balance of these factors weighs in favor of resolving the remaining state law claims in the state court. *Id.*

Here, the balance of factors in this case weighs heavily in favor of declining to exercise jurisdiction over the state law claims. The claims that provided the basis for federal jurisdiction have been dismissed and the litigation remains in its earliest stages, therefore the Court will decline to exercise supplemental jurisdiction and Plaintiff's remaining claims are dismissed without prejudice to reassert in the proper state court forum. *Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017).

## V. CONCLUSION

Accordingly, Defendants' motion to dismiss is granted in part as follows: Plaintiffs' Fourteenth Amendment procedural due process claim is dismissed with prejudice and the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. An appropriate Order follows.

DATED this 7th day of December, 2023.

                                      BY THE COURT:

                                      s/Cynthia Reed Eddy
                                      United States Magistrate Judge

cc: all counsel of record via CM/ECF electronic filing